**IMG-064**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3217
_____

DE HUO WANG,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-977-101)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2012
Before:  SMITH, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed: June 21, 2012)
_____

OPINION
_____

PER CURIAM

        De Huo Wang petitions for review of a decision of the Board of Immigration

Appeals(BIA).  For the reasons below, we will deny the petition for review.

1

I.

Wang, a native and citizen of China, entered the United States without inspection in June 2004.  In June 2005, the Department of Homeland Security served him with a notice to appear, charging him with being removable under 8 U.S.C. § 1227(a)(1)(A), as an alien who was inadmissible at the time of entry into the United States.  Wang conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), arguing that he was and would be persecuted in China as a result of the country's coercive population control policy.

Wang testified at an administrative hearing that he and his wife married in 1991, and that they later had a son and a daughter.  In 1994, after Wang's wife became pregnant with the couple's third child, Wang claimed that local family planning officials forced his wife to undergo an abortion.  She was also implanted with an intrauterine device (IUD).  Wang claimed that when he and his wife complained to authorities about the IUD, he was threatened with imprisonment.  In 1995, Wang testified that officials came to his home and took his wife to a local hospital where she underwent forced sterilization.  Wang claimed that when he attempted to block the officials from taking his wife, he was thrown to ground and kicked.  Wang claimed that several years later, in 1998, officials came to his home and demanded that he pay a fine for his family's failure to abide by the family planning policy.  Wang testified that he was detained for five days until he paid the fine, but that he had no other problems after that incident until he left China in 2004.

Following the hearing, the Immigration Judge (IJ) made an adverse credibility finding and denied relief. The IJ determined that Wang's hearing testimony lacked credibility based on material omissions in Wang's asylum application, and that Wang was unable to adequately explain the omissions. The IJ also concluded that Wang's allegations would not entitle him to relief even if he had been found credible.

In a July 2011 decision, the BIA adopted and affirmed the IJ's adverse credibility finding and dismissed the appeal. Wang petitions for review, arguing that the agency's adverse credibility determination was erroneous, and that his credible testimony established that he suffered past persecution in China.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's decision and look to the IJ's ruling only insofar as the BIA deferred to it. Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We review agency factual determinations, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B). Because Wang filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations in asylum applications apply. Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, an IJ may base a credibility determination on observations of the applicant's demeanor, candor, or responsiveness, the inherent plausibility of the applicant's story, the consistency of the applicant's statements, and any

3

inaccuracies or falsehoods in such statements.  See INA § 208(b)(1)(B)(iii); see also

Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).

III.

After careful review of the record, and Wang's arguments on appeal, we conclude

that the adverse credibility determination is supported by substantial evidence.

As the BIA noted, Wang's account of his experiences in China differed from the

statement that he submitted in support of his asylum application to the testimony he

provided during his hearing.  Although Wang testified on cross-examination that he went

to the brigade to complain about his wife's IUD and was threatened with imprisonment as

a result, his application did not mention the incident.  He likewise failed to include in his

written application that he had been thrown to the ground and kicked for protesting his

wife's forced sterilization.  Wang also testified on cross-examination that he was jailed

for several days for non-payment of a population control fine, but his asylum application

made no mention of the detention.  Those incidents were also omitted from Wang's

wife's statement that she filed in support of Wang's asylum application.

At the start of the merits hearing, the IJ gave Wang an opportunity to amend his

asylum application to include any additional information about his experiences in China.

Wang declined to do so, confirming that the contents of the application were accurate and

truthful.  When later asked to explain the discrepancies, Wang asserted only that he had

forgotten to include those incidents in his written statement.

4

The retaliation that Wang allegedly suffered for failing to comply with the family-planning rules is central to his claim that he was persecuted in China, and the fact that he failed to include those accounts in his asylum application supports the adverse credibility determination. See, e.g., Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

Wang argues in his brief that the omission is reasonable in light of the fact that he originally sought relief solely on the basis of his wife's abortion and sterilization, and did not enlarge his claim to include his other-resistance theory until after submitting the asylum application. However, Wang did not present this argument to the IJ or the BIA, and thus, he failed to exhaust it administratively. See 8 U.S.C. § 1252(d)(1); Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). However, even if he had, the argument lacks merit because we issued Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (holding that an alien cannot establish per se persecution based on his spouse's persecution) in February 2009, several months before the June 2009 hearing where Wang confirmed the accuracy of his written application. Wang does not explain why he failed to supplement his written statement at that time.

Accordingly, we conclude that substantial evidence supports the IJ's adverse credibility determination. Because Wang failed to provide credible testimony in support of his claim that he was persecuted on account of his resistance to China's family-

planning practices, he was not entitled to either asylum or withholding of removal on that

theory.  See Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003).[1]

For the foregoing reasons, we will deny the petition for review.

---

[1] We agree with the Government that Wang has waived any challenge to the agency's finding that he failed to establish a future persecution claim independent of his incredible past persecution claim.  See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (failure to identify or argue an issue in an opening brief constitutes waiver of that argument on appeal).  He has likewise waived review of the denial of his CAT claim.  Id.