**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3660
_____

DE HUO WANG,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-977-101)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2013
Before:  SCIRICA, VANASKIE and COWEN, <u>Circuit Judges</u>

(Opinion filed March 7, 2013)
_____

OPINION
_____

PER CURIAM

De Huo Wang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA) denying a motion to reopen. For the reasons that follow, we will deny the petition for review.

I.

Inasmuch as we are writing primarily for the parties and have previously discussed the background of the case, see De Huo Wang v. Att'y Gen., No. 11-3217, 485 F. App'x 580 (3d Cir. 2012), we will recite the facts only as necessary to our decision. Wang was charged as removable under 8 U.S.C. § 1227(a)(1)(A), as an alien who was inadmissible at the time of entry into the United States. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), arguing that he was and would be persecuted in China as a result of the country's coercive population control policy. An Immigration Judge (IJ) found that Wang's testimony lacked credibility and determined that, even if he had been credible, his allegations would not entitle him to relief. The BIA found no clear error in the IJ's adverse credibility determination and dismissed Wang's appeal in July 2011. Wang's petition for review from that order was denied by this Court because substantial evidence supported the agency's adverse credibility determination. Wang, 485 F. App'x at 583.

In 2012, while his petition for review was pending before this Court, Wang filed with the BIA a motion to reopen proceedings seeking to amend his applications for asylum and withholding of removal and to present evidence of changed country

2

conditions. Wang claimed that he began attending a Christian church in August 2011, and that he feared being persecuted by the Chinese government for his practice of Christianity. The BIA concluded that Wang's motion was untimely and that he did not establish that reopening was nevertheless warranted based on changed circumstances. Wang now seeks review of the BIA's decision denying his motion to reopen.[1]

An alien generally may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered[.]" 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions to reopen that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]" 8 C.F.R. § 1003.2(c)(3)(ii).

Wang does not dispute that his motion to reopen was untimely, and we agree with the BIA that the evidence he submitted "does not show a material change in China regarding the treatment of unsanctioned religious groups since [Wang's] June 2009 hearing." A.R. 3-4. Although Wang argued that the persecution of Christians has escalated, the BIA noted that the record indicated "ongoing and substantially similar treatment of unsanctioned religious groups." A.R. 4. In fact, Wang submitted in support

---

[1]     We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of Wang's motion to reopen, and we apply the abuse of discretion standard to our review. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Thus, to succeed on his petition for review, Wang must show that the BIA's decision was "arbitrary, irrational, or contrary to law." Id. (quotation marks and citation omitted).

of his motion to reopen a report produced by Amnesty International in *2007*, which indicated that the Chinese government "*continued* to crack down on religious observance outside officially sanctioned channels." A.R. 99 (emphasis added). Moreover, the Department of State's 2006 *Country Reports on Human Rights Practices*, which Wang submitted in support of his original application for relief, described ongoing harassment of unsanctioned religious groups. A.R. 383-87. This, along with other record evidence, amply supports the BIA's determination that Wang failed to demonstrate a change in circumstances "arising in" China. See 8 C.F.R. § 1003.2(c)(3)(ii). Thus, the only changes in circumstance Wang could demonstrate were personal and do not suffice to excuse the time limitation on his motion to reopen. Liu v. Att'y Gen., 555 F.3d 145, 149–51 (3d Cir. 2009).

Because the denial of Wang's motion to reopen as untimely was not an abuse of discretion, see Fadiga, 488 F.3d at 153, we will deny his petition for review.[2]

---

[2] We need not address the BIA's alternate determination that Wang failed to establish prima facie eligibility for relief because his motion to reopen was untimely. Any error in that aspect of the BIA's decision—including its reliance on the IJ's prior credibility determination—would have been harmless and would not justify granting the petition for review. Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").